# In the United States Court of Federal Claims

NOT FOR PUBLICATION

| | |
|---|---|
| NAVARRA S. SCOTT,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                    Defendant. | No. 24-cv-1913<br>(Filed: December 10, 2024) |

### ORDER OF DISMISSAL

On November 19, 2024, plaintiff, Navarra S. Scott ("Ms. Scott"), proceeding pro se, filed two complaints in this Court, successively docketed as *Scott v. United States*, No. 24-cv-1913 (Fed. Cl.) and *Scott v. United States*, No. 24-cv-1914 (Fed. Cl.). The first case was randomly assigned to the undersigned for adjudication. In both Complaints, Ms. Scott alleges that unspecified state agencies have engaged in widespread religious discrimination in violation of both the Establishment Clause and the Free Exercise Clause of the First Amendment to the United States Constitution. Compl. at A-5; *see Scott v. United States*, No. 24-cv-1914, Order of Dismissal, ECF No. 5 at 2. In the Complaint pending before the undersigned, Ms. Scott also appears to contend that unspecified provisions of the Illinois State and the United States Constitutions infringe upon God's pre-existing copyright. *Id.* at A-6. Ms. Scott also submitted an application to proceed *in forma pauperis* ("*IFP*"), requesting a waiver of the $405 in filing fees, *i.e.*, $350 filing fee plus a $55 general administration fee. Having reviewed Ms. Scott's filings[1] and the relevant law, the Court hereby: (1) **GRANTS** Ms. Scott's request to proceed *IFP*; and (2) **DISMISSES** Ms. Scott's Complaint for lack of subject-matter jurisdiction or, alternatively, for failure to state a plausible claim for relief.

### I.     *IFP* Application

In her *IFP* application, Ms. Scott represents that she is currently unemployed and has very few assets. *See* ECF No. 2 at 1-2, 2-2. A pro se plaintiff's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) is not heavy. Being "unable to pay such fees," as contemplated by the statute, "means that paying [the filing] fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). Ms. Scott's

---

[1] This Order is based on the following filings: Compl., ECF No.1; *IFP* Application, ECF No. 2.

assertions easily clear that threshold. Accordingly, the Court grants Ms. Scott's request to proceed *IFP* in this matter. *See* ECF No. 2.

## II.     Dismissal Pursuant to Rules 12(b)(1) and 12(b)(6)

Ms. Scott is proceeding pro se but must meet certain threshold requirements for her claims to proceed. Although the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004))); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Rules of the United States Court of Federal Claims ("RCFC")12(h)(3); *see* RCFC 12(b)(1); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the [C]ourt *sua sponte*.") (citing *Fanning, Philips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, a plaintiff must base her claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained"— commonly referred to as a "money-mandating" statute. *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).

The Court lacks subject-matter jurisdiction over Ms. Scott's First Amendment claims because there is no applicable money-mandating statute on which she may base those claims. It is well settled that "[t]his [C]ourt does not have jurisdiction over . . . claims for violations of the First Amendment because the First Amendment does not obligate the Federal Government to pay money damages." *Madison v. United States*, 98 Fed. Cl. 393, 396 (2011) (citing *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1065 (1984) ("[T]he First Amendment, standing alone, cannot be so interpreted to command the payment of money.")); *see Whittington v. United States*, 166 Fed. Cl. 532, 542–43 (2023) ("[T]he First . . . Amendment[] to the United States Constitution . . . cannot serve as the basis for jurisdiction in the United States Court of Federal Claims.") (collecting cases). Accordingly, the Court must

dismiss Ms. Scott's First Amendment claims pursuant to RCFC 12(b)(1) and 12(h)(3) because they do not fall within the Court's limited jurisdiction. *See Folden*, 379 F.3d at 1354.

Ms. Scott's copyright infringement claim, purportedly asserted on behalf of God,[2] fails for similar reasons. "Under the Copyright Act, a copyright owner cannot bring an action until either the copyright is registered in accordance with the relevant provisions of the Copyright Act or the Copyright Office has refused to register the copyright." *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007). It remains unsettled whether this requirement is purely jurisdictional or merely a "nonjurisdictional precondition to suit." *El Bey v. United States*, 152 Fed. Cl. 777, 781 (2021). As such, this Court has "dismissed copyright infringement claims for lack of jurisdiction where a plaintiff did not allege that it registered for or had been denied a copyright." *Lisa-Richard Henderson Trust v. United States*, No. 23-cv-198, 2024 WL 3688527 at *11 (Fed. Cl. Aug. 6, 2024) (collecting cases); *see Ali-Bey v. United States*, 169 Fed. Cl. 729, 737 (2024); *Doiban v. United States*, 173 Fed. Cl. 527, 548 (2024); *Miles v. United States*, Nos. 14-cv-416, 14-cv-417, 14-cv-418, 14-cv-419 & 14-cv-420, 2014 WL 5020574 at *4 (Fed. Cl. Oct. 6, 2014); *Jennette*, 77 Fed. Cl. at 131 ("The provisions of the [Copyright Act] are jurisdictional. . . . Accordingly, the court holds that actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement." (citation omitted)). And this Court "has also dismissed similar [copyright infringement] claims for failure to state a claim pursuant to Rule 12(b)(6) where [the] [p]laintiff did not, and could not, plead the plausible existence of a copyright." *Lisa-Richard Henderson Trust*, 2024 WL 3688527 at *11 (collecting cases); *see El Bey*, 152 Fed. Cl. at 781.

Ms. Scott's copyright infringement claim fails under either standard. Ms. Scott does not allege any facts demonstrating that she attempted to register, was denied, or otherwise holds a copyright. *See Rice v. United States*, No. 08-cv-734, 2009 WL 607404 at *4 (Fed. Cl. March 10, 2009) ("It is beyond cavil that no party can bring a copyright infringement claim without at least trying to register a copyright."). Ms. Scott has no way to remedy this pleading deficiency because, as she admits in her Complaint—*she is not the alleged copyright holder. See* Compl. at A-6. Thus, Ms. Scott "did not, and [cannot] plead the plausible existence of a copyright." *Lisa-Richard Henderson Trust*, 2024 WL 3688527 at *11. Accordingly, the Court must dismiss Ms. Scott's copyright infringement claim pursuant to both RCFC 12(b)(1) and 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Plaintiff's First Amendment claims, and they are subject to dismissal pursuant to RCFC 12(b)(1). Plaintiff's copyright infringement claim is also subject to dismissal pursuant to both RCFC 12(b)(1) and RCFC 12(b)(6). Accordingly, the Court hereby **DISMISSES** Plaintiff's Complaint,

---

[2] Even if a plaintiff could assert claims on behalf of God in this Court, Ms. Scott cannot do so because she is pro se. Under this Court's rules, "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." RCFC 83(1)(a)(3).

ECF No. 1, and **GRANTS** Plaintiff's application to proceed *in forma pauperis*, ECF No. 2.  The Clerk of Court shall enter **JUDGMENT** accordingly.

    **IT IS SO ORDERED.**

*/s/Robin M. Meriweather*
ROBIN M. MERIWEATHER
Judge
